IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

WILLISTON BASIN INTERSTATE
PIPELINE COMPANY,

           Plaintiff,

    v.

PROPERTY INTERESTS NECESSARY
TO CONDUCT GAS STORAGE
OPERATIONS IN SUBTERRANEAN
GEOLOGICAL FORMATIONS ON
AND BENEATH PROPERTIES
LOCATED IN TOWNSHIP 9 SOUTH,
RANGE 23 EAST, SECTIONS 34, 35
AND 36, OWNED BY CATHERINE D.
FIELDS, ET. AL., ALL LOCATED IN
CARBON COUNTY, MONTANA, AND
ALL UNKNOWN OWNERS,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Cause No. CV-09-167-BLG-RFC

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT (*Doc. 29*)**

## I.    INTRODUCTION

Plaintiff Williston Basin Interstate Pipeline Company filed this

condemnation action pursuant to Rule 71.1 of the Federal Rules of Civil Procedure

and the Natural Gas Act, 15 U.S.C. § 717 et seq. to condemn certain property

interests necessary to the operation of the Elk Basin Storage Reservoir ("EBSR"), a

1

natural gas storage field.  The defendants April Brimmer Kunz, Rochelle Energy Limited Partnership, Elizabeth A. Brimmer, G. Robert Wallace, the George E. Brimmer Trust, W.R.W. Energy Company, the Suzanne S. Weeks Trust and Ann F. Wallace (the "Kunz Defendants") and defendant England Energy, LLC ("Defendant England") (collectively, the "Kunz and England Defendants") have respectively filed Answers contending that: (1) the Kunz and England Defendants have certain rights under state condemnation laws; and (2) Williston Basin failed to negotiate "meaningfully" and "satisfactorily" for the property rights; (3) Williston Basin's offer to them did not include all of the compensable interests; and (4) Williston Basin's conveyance documents were too broad.

Williston Basin claims these arguments are meritless and has moved for partial summary judgment as to its authority to condemn the property interests specified in the Complaint, leaving only the issue of just compensation to be decided.  Williston Basin also asks for judgment as a matter of law as to the Kunz Defendants' claim for attorney fees on the ground that such fees cannot be awarded in a federal condemnation action such as this.

In their response to Plaintiff's motion for summary judgment, the Kunz and England Defendants do not develop all of the objections pleaded in their Answers,

2

rather, they argue that (1) the Complaint seeks to condemn rights outside the scope of Williston Basin's F.E.R.C. certificate of public convenience and (2) Williston Basin seeks to condemn a stream of payments it has been making to Defendants, but that Williston Basin is unable to show the nature and basis for that payment. Regardless, as discussed below, while these objections are relevant to the amount of just compensation they will receive from Williston Basin, they are irrelevant to the issue raised by this motion, whether or not Williston Basin may condemn the property interests.  Since Williston Basin has proven it is entitled to condemn Defendants' property interests, its motion must therefore be granted.

## II.   ANALYSIS

Since Rule 71.1 does not provide a standard for reviewing and deciding objections to a condemnation complaint, the other Federal Rules of Civil Procedure apply.  *See E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 823 (4th Cir. 2004). Accordingly, Williston Basin properly moved pursuant to Rule 56 Fed.R.Civ.P. for a ruling as to its authority for the condemnation of Defendants' property.  *See Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land*, 210 F. Supp. 2d 1253 (D. Kan. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." Fed.R.Civ.P. 56(c)(2).

Section 717f(h) of the Natural Gas Act vests the holder of a FERC-issued

certificate of public convenience with the power to condemn necessary property:

> Right of eminent domain for construction of pipelines, etc.
>
> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of the property to the compensation to be paid for, the necessary right-of-way to construct, operate and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located . . .

15 U.S.C. § 717f(h); *See also Transwestern Pipeline Co., LLC v. 17.19 Acres*, 550

F.3d 770 (9th Cir. 2008). Section 717f(h) also permits the condemnation of

surface and subsurface interests for the storage of natural gas. *See Columbia Gas*

*Transmission Corp. v. An Exclusive Gas Storage Easement*, 578 F. Supp. 930,

933-34 (N.D. Ohio 1983), aff'd, 776 F.2d 125, 128-29 (6th Cir. 1985).

4

In order to establish its right to condemn Defendants' property, Williston Basin must establish three elements: (1) that it holds a FERC certificate authorizing the relevant project, (2) that the land to be taken is necessary to the project; and (3) that the company and the landowners have failed to agree on a price for the taking following good faith negotiations. *Transwestern Pipeline Co., LLC v. 17.19 Acres*, 550 F.3d 770, 776 (9th Cir. 2008).

First, on April 16, 2009, FERC issued a Certificate of Public Convenience and Necessity, approving Williston Basin's application to revise the vertical and lateral boundaries of the EBSR and including to establish a buffer zone around the reservoir. *Doc. 1-1*, ex. "A" to Complaint; Complaint ¶7 (Dec. 30, 2009); admitted in *Doc. 15,*¶ 7 Defs.' Ans. (Mar. 3, 2010).

Second, by issuing the  Certificate of Public Convenience and Necessity under the Natural Gas Act, FERC has already determined that Defendants' property interests are necessary.  Defendants have not offered any arguments to the contrary, and even if they did, such arguments would be an improper collateral attack on the FERC certificate. *See Williams Natural Gas Co. v. City of Oklahoma City,* 890 F.2d 255, 262 (10th Cir. 1989); *see also Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 749 F.Supp. 427, 430 (D.R.I. 1990)(district courts have a

limited role in condemnation proceedings brought under the Natural Gas Act, to "evaluate the scope of the certificate and to order condemnation of property as authorized in the certificate.").

With respect to the third and final element, this lawsuit is evidence that the parties were unable to agree on the amount of just compensation. Although Williston Basin cites several cases holding there is no requirement that there be good-faith negotiations with the landowner, *see, e.g. Maritimes & Northeast Pipeline, L.L.C. v. Decoulos*, 146 Fed. Appx. 495, 498 (1st Cir. 2005), binding Ninth Circuit precedent requires that Williston Basin establish it engaged in good faith negotiations with Defendants. *Transwestern Pipeline Co., LLC*, 550 F.3d at 776. Regardless, the record reflects that Williston Basin offered to settle with all of the property owners, and has in fact settled with the vast majority of them. In fact, Defendants have abandoned the claim in their Answer that Williston Basin failed to negotiate "meaningfully" and "satisfactorily" for the property rights as there was no such argument in response to this summary judgment motion.

As stated above, Defendants did not address the elements of condemnation, but have argued the motion must be denied because (1) the Complaint seeks to condemn rights outside the scope of Williston Basin's F.E.R.C. certificate of public convenience and (2) Williston Basin seeks to condemn a stream of

6

payments it has been making to Defendants, but that Williston Basin is unable to show the nature and basis for that payment.

Specifically, Defendants note that the Complaint attempts to dictate what Defendants can do in exploring for oil in gas in areas under their land that are not covered by the ERSB.  Williston Basin responds that these statements in the Complaint merely reflect Montana law, that the owner of a servient tenement, such as Defendants, may not make use of their land in a manner that is inconsistent with or interferes with the use and right reserved to the dominant tenement or estate. *Strahan v. Bush*, 773 P.2d 718, 721 (Mont. 1989).  In any event, this Court need not consider these arguments because the issue here is whether Williston Basin has the authority under 717f(h) of the Natural Gas Act to condemn Defendants' property.  The scope of that condemnation is limited to that stated in the FERC certificate.

Defendants also claim that for years they have been receiving payments from Williston Basin, that Williston Basin has been unable or unwilling to explain the reason for these payments, and that Williston Basin tells them these payments will cease as a result of the condemnation.  Accordingly, Defendants argue summary judgment is premature because there are genuine issues of material fact

as to the rights to be condemned.  But to the extent there are issues of fact as to these payments, they are not material to the issue presented by the instant motion–whether or not Williston Basin is authorized to condemn the property as authorized by its FERC Certificate.  Defendants will be allowed to present evidence as to the amount of just compensation to which they are entitled, including the loss of any payments they were receiving because of the condemned property.

Finally, Williston Basin moves for judgment as a matter of law that the Kunz Defendants are not entitled to attorney fees.  Since American law does not provide for the award of attorney fees absent a contractual or statutory provision to the contrary, *F.D. Rich Co. v. Indus. Lumber Co.,* 417 U.S. 116, 126 (1974), and there is no basis in the Natural Gas Act or Rule 71.1 Fed.R.Civ.P for an award of attorney fees, Williston Basin's motion must also be granted as to Defendants' claim for attorney fees.

## III.   ORDER

For those reasons, **IT IS HEREBY ORDERED** that Williston Basin's Motion for Partial Summary Judgment as to the Kunz and England Defendants (*Doc. 29*) is **GRANTED:** Williston Basin has the authority to condemn the

8

property interests owned by the above-mentioned Defendants. Judgment as a matter of law is also granted in Williston Basin's favor as Defendants' claim for attorneys' fees.  This Order does not affect the defendants' right to prove their claims for just compensation for the property interests condemned.  The issue of just compensation will be resolved at the hearing currently scheduled for **March 7, 2011 at 9:00 a.m.**

Dated this 9th day of December, 2010.

/s/ Richard F. Cebull_____

Richard F. Cebull

United States District Judge